UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DONALD SMITH                                                                      MOVANT/DEFENDANT

v.                                                                    CIVIL ACTION NO. 4:05-CV-55-M
                                                                      CRIMINAL ACTION NO. 4:03-CR-23-M

UNITED STATES OF AMERICA
                                                                              RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION

Movant/Defendant, Donald Smith, *pro se*, moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on the basis of *Booker v. United States*, 125 S.Ct. 738 (2005). This matter is before the Court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts. 28 U.S.C.A. following § 2255. The Court will dismiss the motion as time-barred.

### I.

On February 20, 2004, the Court entered Judgment against Defendant on a conviction, pursuant to a guilty plea, of five counts, possession of controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C) and (B)(iii), and 860. The Court sentenced Defendant to serve 78 months in prison, and 6 years under supervised release. Defendant did not appeal.

More than one year later, on April 4, 2005, Defendant filed this § 2255 motion. In the motion, Defendant seeks a reduction of his sentence to 60 months imprisonment because the trial judge enhanced the sentence from 60 to 78 months based on prior convictions – a judicial finding of fact, neither admitted nor proved to a jury beyond a reasonable doubt. Defendant contends the enhancement violated his Sixth Amendment rights, as newly construed in *Booker*. Defendant asserts no other grounds in support of the motion.

## II.

Generally, a defendant must file a motion attacking a sentence within one year after a final, judgment of conviction. 28 U.S.C. § 2255, ¶ 6.[1] Because he did not pursue a direct appeal, Defendant's conviction became final March 1, 2004, ten days after the entry of the judgment of conviction. *See Sanchez-Castellano*, 358 F.3d 424 (6th Cir. 2003). Defendant's motion, filed April 4, 2005, therefore falls outside the limitations period.

Defendant argues his motion is timely, however, because his motion falls within the exception for § 2255 motions based on newly, recognized rights made retroactive to cases on collateral review. *See* § 2255, subsection (3) of ¶6 (quoted in fn 1 herein).

Defendant misplaces reliance on *Booker*. The *Booker* rule has no retroactive application to cases under collateral attack. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Because Defendant attacks his sentence more than one year after a final, judgment of conviction, the motion is time-barred.

Typically, before dismissing an action *sua sponte* on the statute of limitations, the Court will enter a show cause order to provide the defendant with an opportunity to be heard on the matter. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). Given that Defendant addresses the limitations period in his petition, however, a response to show cause would be superfluous. The Court further finds that this motion, based solely on the retroactive application of *Booker*, as a matter of law, provides no basis for equitable tolling, under *Dunlap v. United States*, 250 F.3d

---

[1] Section 2255 states:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction becomes final; ...
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; ... .

1001 (6th Cir. 2001).

### III.

The Court will now address Defendant's right of appeal, under 28 U.S.C. § 2253. This statute provides there is no right of appeal from a final order in a habeas corpus proceeding to the court of appeals unless "the judge issues a certificate of appealability." § 2253(c)(1). The judge may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When dismissal rests on procedural grounds, a right of appeal arises if "jurists of reason would find it debatable" whether the procedural ruling is correct and whether the petition states a valid constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court is satisfied no jurists of reason would find debatable whether Defendant's motion is time-barred, the Court will deny a certificate of appealability.

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:

cc:    Movant/Defendant, *pro se*
       United States Attorney

4414.007